**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**BRET LASO,**

                **Plaintiff,**

-vs-                                    **Case No. 6:08-cv-450-Orl-28KRS**

**SELECTBUILD, LLC,**

                **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISS ACTION WITH PREJUDICE (Doc. No. 26)** |
| **FILED:** | **February 6, 2009** |

**I. PROCEDURAL HISTORY.**

      This case was brought by Plaintiff Brett Laso under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Laso and Defendant SelectBuild, LLC (SelectBuild),[1] seek the Court's approval of their settlement.

      On February 6, 2009, the parties filed their joint motion. Doc. No. 26. The Court ordered counsel for Plaintiff to supplement the motion with verified time records and a sworn statement concerning the distribution of settlement funds. Doc. No. 27. Counsel for Plaintiff, Konstantine E.

---

[1] The complaint named SelectBuild, LLC, as Defendant. The settlement agreement reflects Defendant's proper corporate name of "SelectBuild Florida, LLC."

Pantas, Esq., filed his affidavit on February 18, 2009. Doc. No. 29 ("Pantas Aff."). The motion seeks approval of a settlement of $5,000.00 in unpaid wages/overtime, $5,000.00 in liquidated damages, $100.00 "as additional consideration for a full release," and $6,865.00 for attorney's fees and costs. Doc. No. 26-2. As the motion is unopposed, and Attorney Pantas has filed his affidavit containing the time records and an explanation of settlement distribution, it is ripe for consideration.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[2] the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at *2. If the Court finds

---

[2] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

### III. ANALYSIS.

#### A. *Settlement Recovery.*

In his answers to the Court's Interrogatories, Plaintiff Laso averred that he was unable to calculate the amount of overtime he alleged to be due until he obtained records from SelectBuild. Doc. No. 9-2 at 2. The parties represent that they "had a bona fide dispute under the FLSA" and that "Defendant asserted, and continues to assert, that it had reasonable grounds to believe it was in compliance with the FLSA . . . ." Doc. No. 26 at 2. The parties represent that they "are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation." *Id.* The parties' settlement agreement contains a provision acknowledging that the parties' attorneys counseled and represented them throughout the litigation and settlement process. Doc. No. 26-2 ¶ 8. The same provision also reflects the parties' agreement that they voluntarily entered into the settlement. *Id.*

Plaintiff Laso indicates that he has compromised his FLSA claim. Doc. No. 26 ¶ 7. The Court, therefore, must consider whether the payment to Plaintiff's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiff agreed to accept.

#### B. *Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a

reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The settlement agreement provides for a payment of $6,865.00 to Attorney Pantas for attorney's fees and costs. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Services, Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the

question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

      1.    Hourly Rate.

Attorney Pantas has been licensed to practice law in Florida since 1993. In his time sheet, he attests that a reasonable hourly rate for his services is $300.00 per hour, Doc. 29-2 at 5, but he offers no independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate. As observed by the court in *Norman*, "[n]o two lawyers possess the same skills, and no lawyer always performs at the same level of skill." *Norman*, 836 F.2d at 1300.

Because Attorney Pantas has failed to provide evidence of the type contemplated by the Court in *Norman*, the Court must rely on its own expertise regarding the reasonable hourly rate. The Court has the benefit of the assessment by the undersigned and other judges in this district of a reasonable hourly rate for Pantas and lawyers of similar experience in other FLSA cases. In general, the Court has opined that FLSA "cases typically are not complex and do not require a high degree of skill to represent the plaintiff . . . ." *King v. FSA Network, Inc.*, No. 6:07-cv-78-ORL-22JGG, 2007 WL 3072262, at *3 (M.D. Fla. Oct.19, 2007).

In *Ochoa v. Alie Bros., Inc.* No. 6:06-cv-609-Orl-DAB, 2007 WL 3334332 (M.D. Fla. Nov. 8, 2007), the Judge Baker found $300.00 per hour to be a reasonable hourly rate for Pantas's work performed in 2007. In *Coes v. World Wide Revival, Inc.*, No. 6:05-cv-563-Orl-DAB (M.D. Fla. Nov. 7, 2007), Judge Baker also found $300.00 per hour to be a reasonable hourly rate for Pantas's

work performed in 2005 and 2006. Accordingly, I conclude, in the absence of objection, that $300.00 is a reasonable hourly rate for Attorney Pantas's work as a lawyer in this case.

Pantas also seeks $105.00 per hour for paralegal Jon Rankin, and $95.00 per hour for paralegal Harold Mauras and administrative assistant Becki Rodak. Doc. No. 29-2 at 5. Pantas submits no evidence as to the reasonableness of these rates. The Court has previously found a reasonable hourly rate for Rankin to be $65.00. *Kravits v. Carpet-Mills of America-Florida, Inc.*, No. 6:06-cv-1637-Orl-31KRS, Doc. No. 17. The Court has not determined a reasonable hourly rate in the past for Mauras. The Court has previously found a reasonable hourly rate for Rodak to be $65.00 per hour when she is performing paralegal, rather than clerical, work. *E.g.*, *Gray v. Golden Bear Day School, Inc.*, No. 6:08-cv-3-31KRS, Doc. No. 31; *Pyczynski v. Kirkland's Stores, Inc.*, No. 6:07-cv-802-Orl-22KRS, Doc. No. 43. Rankin, Mauras, and Rodak's work in this case consisted largely of preparing form filings and other non-substantive filings. This limited work is uncomplicated and does not warrant a higher hourly rate. Accordingly, absent evidence to support a higher hourly rate, I conclude that $65.00 is a reasonable hourly rate for their work in this case.

### 2. Reasonable Number of Hours for Attorney Pantas.

Attorney Pantas submitted his time records of the work he performed in this case. Doc. No. 29-2. Pantas avers that he expended 20.1 hours of attorney time on the case. Having reviewed each of these entries, I find that all of Pantas's claimed hours are reasonable in the absence of objection.

### 3. Reasonable Number of Hours for Paralegal Work.

Attorney Pantas submitted his time records of the work paralegals Mauras and Rankin and administrative assistant Rodak performed in this case. Doc. No. 29-2. Pantas avers that they expended 6.90 hours of paralegal time on the case.

#### a. Jon Rankin.

Attorney Pantas claims 4.70 hours for Paralegal Jon Rankin. I find that Rankin's time includes noncompensable clerical time to prepare form filings (Mar. 28, 2008, entries of 0.20 hours to prepare civil cover sheet and summons, 0.20 hours to prepare a notice of pendency, and 0.10 hours to prepare the certificate of interested persons), calendar scheduling order dates (May 8, 2008, entry for 0.10 hours), and faxing documents (Nov. 19, 2009 entry for 0.10 hours). *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed . . . regardless of who performs them."); *see also Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000). Accordingly, 4.0 hours of Rankin's work is compensable.

#### b. Harold Mauras.

Attorney Pantas claims 0.70 hours for Paralegal Harold Mauras. I find that Mauras's time consisted almost exclusively of sending or receiving e-mails or faxes. Doc. No. 29-2 at 3 (two entries for sending, receiving e-mail from opposing counsel, and two entries for sending, receiving W-9 by fax). Only the entry on August 7, 2008, for 0.30 hours to prepare the case management report represents compensable time. *See Jenkins*, 491 U.S. at 288 n.10; *Miller* 117 F. Supp. 2d at 1261. Accordingly, 0.30 hours of Mauras' work is compensable.

### c. Becki Rodak.

Attorney Pantas claims 1.50 hours for Becki Rodak. I find that Rodak's time consisted almost exclusively of setting up the file in Attorney Pantas's computer system, conducting basic background checks, and sending or receiving e-mails. Doc. No. 29-2 at 1, 4. The Court cannot award time for work that is clerical in nature and, therefore, not reimbursable at an attorney's hourly rate or paralegal rate, *see Jenkins*, 491 U.S. at 288 n.10. Only the entry of February 3, 2009, for 0.20 hours to prepare a status report for the Court represents compensable time. *See Jenkins*, 491 U.S. at 288 n.10; *Miller* 117 F. Supp. 2d at 1261. Accordingly, 0.20 hours of Rodak's work is compensable.

4. Lodestar.

Accordingly, the lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| K.E. Pantas | $300.00 | 20.1 | $ 6,030.00 |
| Jon Rankin | $ 65.00 | 4.0 | $ 260.00 |
| Harold Mauras | $ 65.00 | 0.3 | $ 19.50 |
| Becki Rodak | $ 65.00 | 0.2 | $ 13.00 |
| **TOTAL** | | | **$6,322.50** |

5. Costs.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorney's fees–shall be allowed as of course to the prevailing party unless the court otherwise directs." In FLSA cases, the award of costs is made in accordance with 28 U.S.C. § 1920. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995). A district court may not award costs in excess of those

permitted by § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567 (11th Cir. 1988) (district court erred in awarding expert witness fees under § 216(b) that exceeded the amount allowed by § 1920). In exercising its discretion to award costs allowed by § 1920, a district court must identify the reasons for denying some or all costs to a prevailing party. *Head*, 62 F.3d at 354. The following are the allowable costs as set forth in 28 U.S.C. § 1920:

    (1) Fees of the clerk and marshal;
    (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
    (3) Fees and disbursements for printing and witnesses;
    (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under 28 U.S.C. § 1923;
    (6) Compensation of court appointed experts, interpreters, and special interpretation services.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See United States EEOC v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

Pantas avers that $350.00 was paid for the filing fee and $50.00 for the costs of serving process in this case. Pantas Aff. ¶ 7. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005).

Accordingly, the reasonable attorney's fees and costs total $6,722.50, which is less than the attorney's fees and costs provided for under the settlement agreement. As such, the Court cannot conclude that the amount that Laso received under the settlement was not improperly reduced by the request for excessive attorney's fees and costs.

C. *Fairness Finding.*

Laso has compromised his FLSA claim, and the reasonable fees and costs determined by the Court are less than the amount Plaintiff's attorney would recover in the settlement. The Court cannot determine if Laso would have received the difference between the reasonable attorney's fees and costs and the amount of attorney's fees and costs payable under the settlement.

Under these circumstances, I recommend that the Court find that the settlement agreement is not fair. Alternatively, the Court may restructure the settlement agreement, by requiring that $10,242.50 be paid to Laso[3] and, only thereafter, that $6,722.50 be paid to Pantas,[4] with the proviso that if any party objects to the reallocation the settlement agreement will be rejected and the case will proceed. *See Smalbein*, 353 F.3d at 912 (Carnes, J., concurring).

---

[3] This is a reallocation of the $142.50 in excess of the reasonable attorney's fees and costs to Laso.

[4] In *Silva*, the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at *1 (internal citations omitted). Accordingly, Plaintiff must recover all unpaid wages and liquidated damages before Plaintiff's counsel may recover his fees and costs.

## IV. RECOMMENDATION.

For the reasons set forth above, I respectfully recommend that the Court find that the settlement agreement is not fair and **DENY** the motion.

Alternatively, I recommend that the Court restructure the settlement agreement to require payment of $10,242.50 to Laso and, only after receipt of that amount, payment of $6,722.50 to Pantas. I further recommend that the parties advise the Court within the time for objection to this Report and Recommendation whether they request that the Court restructure the settlement agreement in this manner or, if not, find the settlement agreement is not fair.

If the Court finds the settlement agreement fair, I further recommend that the Court:

    a.    **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

    b.    **PROHIBIT** counsel for Laso from withholding any portion of the $10,242.50 payable to Laso under the settlement agreement;

    c.    **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file; and,

    d.    **ORDER** Pantas to provide a copy of the Court's Order to Plaintiff.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 27, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE